

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-2009

# In Re: Dennis Lee Sm

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2823

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Dennis Lee Sm " (2009). *2009 Decisions.* Paper 1139.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1139

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2823
_____

IN RE: DENNIS L. SMITH,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to 09-cv-00383)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 23, 2009

Before:  CHAGARES, ALDISERT and GARTH, Circuit Judges

(Opinion filed June 24, 2009)
_____

OPINION
_____

PER CURIAM

On May 29, 2009, Dennis L. Smith filed a notice of removal in the United States

District Court for the District of Delaware seeking an order from the District Court

dismissing criminal charges brought against Smith in the State of Delaware Family Court,

case No. 0905000485.  Smith claimed that he was framed by State Police Corporal

Hudson, who falsely arrested him on May 1, 2009, on a false report that Smith terrorized

his mother.  He claimed there was an illegal plot to make him appear guilty.  He alleged

that he was the victim of race-based discrimination. The matter was assigned to United States District Judge Joseph J. Farnan, Jr., on June 3, 2009.

On June 22, 2009, Smith filed this petition for a writ of mandamus. In Count I of the petition, Smith seeks552 to recuse Judge Farnan from presiding over the notice of removal action. He alleges that the District Judge has a conflict of interest and is biased against him. He accuses the District Judge of alleged trickery and deception in a prior unrelated civil case.

Count II contains allegations against Commissioner Andrew K. Southmayd of the Delaware Family Court in Sussex County. On June 8, 2009, Commissioner Southmayd issued an order scheduling a trial for Friday, June 26, 2009, and stating that "this matter will proceed to trial and will be stayed only if the [federal] District Court orders otherwise." See Mandamus Petition, Exhibit "A." Smith claims that Commissioner Southmayd has "no legal, lawful jurisdiction over my federal civil action [in the District Court]," and therefore, the Family Court order issued on June 8, 2009, "and all deceitful details thereon is illegal harassment and Terroristic Threatening to my Constitutional Federal Civil Rights of Law/Constitutional Fourteenth (14th) Amendment." (Mandamus Petition, 5-6). He accuses Commissioner Southmayd of refusing to accept that the State Police Probable Cause statement was racist, "unconstitutional and fraudulently written to deceive . . . ." (Id. at 6). He claims that Commissioner Southmayd "illegally and unconstitutionally compelled me [to] be present in his court room" for arraignment. (Id.)

2

Smith avers that he never entered a plea and that he was harassed and illegally questioned by Commissioner Southmayd, who allegedly intended to trick Smith into making a self-incriminating statement. He claims that Commissioner Southmayd "is trying to use Delaware Troop 4 State Police/CPL Jeffrey Hudson's fraudulent document(s) at an illegal and unconstitutional mock trial to make it appear [that] this racist officer Hudson did no wrong[.] [T]his is a[n] illegal, unconstitutional and deceitful cover-up attempt, which is totally unacceptable, as a matter of Equal Justice, under the law." (Id. at 7). Smith states that several federal statutes have been violated, including 42 U.S.C. §§ 1985(3), 1986, 1981(a) and 1983 and notes that he has referred the matter to the Justice Department for federal prosecution under 18 U.S.C. §§ 241 and 242. It appears that Smith is asking us to take over the criminal proceedings and to dismiss the charges forthwith based on the "prima facie" evidence that he has presented with his mandamus petition. He points specifically to the statement of his sister who has retracted a statement she made to the State Police on the night of the occurrence.

Mandamus is an appropriate remedy in extraordinary circumstances only. Kerr v. United States District Court, 426 U.S. 394, 402 (1976); Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). "[M]andamus must not be used as a mere substitute for appeal." Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1422 (3d Cir. 1991). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a "clear and indisputable" right to issuance of the writ. In re School

3

Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992).

Smith's judicial bias and impropriety claims against District Judge Farnan are 4brought under 28 U.S.C. § 144. Claims of actual judicial bias pursuant to § 144 are not appropriate for mandamus. Green v. Murphy, 259 F.2d 591, 594 (3d Cir. 1958) (en banc). Treating his claim as one for judicial disqualification under 28 U.S.C. § 455(a), which may be brought via mandamus, see Alexander v. Primerica Holdings, 10 F.3d 155, 163 (3d Cir. 1993), Smith has not shown a "clear and indisputable" right to issuance of the writ. Here, Smith's claim is based solely on the District Judge's rulings in an unrelated matter to which Smith was a party.[1] See Liteky v. United States., 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Most important, there is nothing in the present record indicating that the District Judge is biased against Smith.

As for his request for mandamus to prohibit further criminal proceedings in state court and to dismiss the criminal charges against him, Smith cannot show that he has no other means to obtain the desired relief. Smith's petition to remove the proceedings to the federal court seeks the same relief that he requests in this mandamus petition. The Notice of Removal is pending disposition in the District Court and we have no reason to doubt that the District Court will take appropriate action on it. Certainly Smith has not shown

---

[1] We note that Smith filed a similar request for judicial disqualification of Judge Farnan in Smith v. Meyer, C. A., No. 07-3999, which we denied.

4

such an entitlement to relief that we would direct the District Court to grant it.  In re School Asbestos Litig., 977 F.2d at 772.

Accordingly, we will deny Smith's mandamus petition.  Smith's emergency motion for a temporary restraining order is denied.